IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KENNETH PIPKINS, #525938,** | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | 3:06-CV-1277-B |
| | ) | ECF |
| **CHIEF OF POLICE DAVID KUNKLE,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Defendants are Dallas Chief of Police David Kunkle and Dallas County Sheriff Lupe Valdez.

The Court did not issue process in this case, pending preliminary screening. On August 14, 2006, the Court issued a questionnaire to Plaintiff, who filed his answers on August 25, 2006. Statement of Case: The complaint, as supplemented by the answers to the questionnaire, alleges that on or about January 29, 1977, the Dallas Police Department arrested Plaintiff, who at the time was a juvenile, and detained him as an adult for approximately ten days. (Complaint at 4 and Answer to Questions 4 and 6). Thereafter, Plaintiff was transferred to the custody of the

Dallas County Sheriff Department where he was charged as an adult for the offense of burglary of a building in the 194th District Court, Cause No. F77-09127, and detained at the Dallas Count Jail with other adult detainees until his conviction on that charge. (Complaint at 4 and Answer to Questions 5-6). During his incarceration at the Dallas City and County Jails, Plaintiff alleges suffering both mental and physical injuries as a result of being confined with and assaulted and raped by adult detainees. (Answer to Question 6-9). He seeks compensatory and punitive damages for being detained, charged and convicted as an adult, although at that time he was a juvenile. (Complaint at 4).

In answer to the questionnaire, Plaintiff confirms that his 1977 conviction, for which he was sentenced to three years imprisonment, was subsequently dismissed by the District Attorney on June 22, 1978 because it was determined that he was a juvenile at the time of the offense. (Answer to Questions 2 and 3 and attachments to the questionnaire). Plaintiff further confirms that his 1977 conviction was recently expunged from his criminal record because of a 2001 legislative amendment. (Id.). According to Plaintiff he first learned of the expungement on November 19, 2002, when the Dallas County District Attorney sent him a copy of the proposed order expunging his 1977 conviction. (Answer to Question 3 and attachments to the questionnaire).

Findings and Conclusions: The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the

>complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b) (emphasis added). See also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The lengthy delays between the 1978 dismissal, or the 2002 expungement, and the date of filing of Plaintiff's complaint in this Court on July 14, 2006, prompts consideration of the timeliness of this action. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)); see also Gonzales v. Wyatt, 157 F.3d 1016, 1019-1020 (5th Cir. 1998) (same). In Texas, § 1983 actions are governed by the two-year personal injury limitation period. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2006).[1]

Under the facts presented in the complaint and answers to the questionnaire, all claims against Defendants accrued in June 1978, when the 1977 conviction was dismissed because it was determined that Plaintiff was a juvenile at the time the offense was committed. Plaintiff

---

[1] Plaintiff's complaint is deemed filed as of July 11, 2006, the date he signed the same and presumably handed it to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995) (relying on Houston v. Lack, 487 U.S. 266 (1988), to hold that a *pro se* prisoner litigant's section 1983 complaint is filed as soon as the pleading is deposited into the prison mail system).

does not allege that he did not know of the injuries that are the basis for his claims against Defendants or that, if not tolled, the limitation period did not begin to run on that date. It is clear, therefore, that the limitation period began to run on or about June 22, 1978, and expired two years later on or about June 22, 1980. Therefore, Plaintiff's complaint is untimely by more than twenty-six years and it should be dismissed.

The same holds true even if the Court were to assume that the claims did not accrue until November 19, 2002, when the District Attorney sent Plaintiff a letter advising him that his 1977 conviction was being expunged from his record. (Answer to Question 3 and attachment to the answers to the Questionnaire). Under this scenario, the limitation period began to run on or about November 19, 2002, and expired two years later on or about November 19, 2004. Therefore, Plaintiff's complaint is clearly time barred and should be dismissed with prejudice as frivolous.[2]

RECOMMENDATION:

---

[2] To the extent Plaintiff seeks to argue that the statute of limitations should be tolled because he is incarcerated, his claim is meritless. (Answer to Question 1). A federal court must apply state tolling provisions unless Congress has specifically directed otherwise. Gonzales, 157 F.3d at 1020 (applying state tolling provisions in a § 1983 action). Under Texas law, imprisonment does not act to toll the statute of limitations. Id.

The Court further notes that Plaintiffs claims lack an arguable basis in law. Plaintiff has failed to allege that either Defendant was personally involved in any constitutional deprivation in 1977 other than for being the current Chief of Police and/or Dallas County Sheriff. (Answer to Questions 10 and 13). Even assuming Plaintiff were seeking to sue the Chief of Police and Sheriff at the time of his 1977 arrest and detention, his claims fare no better. See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987). "As a prerequisite [to § 1983 liability], a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (quoting Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995)); see also Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983) (same).

4

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous.  See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 7th day of September, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.